UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

ADAM B. SHOULTS                                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 1:17CV-P165-GNS

CARRIE E. ENGLER *et al.*                                                                   DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Adam B. Shoults filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

### I.

Plaintiff, a convicted inmate at the Kentucky State Penitentiary, sues Carrie Engler, writing "N/A" where the form requests her job title, and the Commonwealth of Kentucky. On the § 1983 form, in response to the question asking "what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials[,]" Plaintiff states, "KRS 403.320 & KRS 403.036[1] & 8th Amendment." To the question asking, "If the events giving rise to your claim arose in an institution, describe where and when they arose," Plaintiff states, "At county jail in – Christian County Jail – year: 2011 when child was born." In the portion of the form asking the filer to state the facts underlying his claim, Plaintiff states, "Carrie Engler has such denied to let me have contact with my son herein – courts have denied to hold meeting or give visitation Rights with my son." Where the form asks the filer to describe any injuries, Plaintiff writes, "Emotional Injuries, and such mental emotions also!"

---

[1] Kentucky Revised Statute § 403.320 concerns visitation of a minor child and provides, in part, "A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger seriously the child's physical, mental, moral, or emotional health." Ky. Rev. Stat. § 403.320. Kentucky Revised Statute § 403.036 concerns mediation in a child custody case.

As relief, Plaintiff requests, "To Have Visitation Rights with my son set up & Have a Friend pick him up & Bring him to visit me . . . ." Where the form asks the filer for any reason a grievance was not filed, Plaintiff states, "It's a family matter. This isn't a matter that involves a grievance process." He further states, "I wrote to the courts & filed motions after motion to get some relief or get visitation rights with my son!"

To his motion, Plaintiff attaches several records which appear to have been filed in an action in Logan Circuit Court, including a "motion to visitation rights & hearing for parental rights & visitation & communcation of appellant's child." Therein, Plaintiff identifies Defendant Engler as the biological mother of his child.

## II.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are

2

enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's jurisdiction. *Kokkonen*, 511 U.S. at 377.

**III.**

Plaintiff's claims must be dismissed because this Court lacks subject-matter jurisdiction over this case. Plaintiff requests the Court to order that he be given visitation rights with his son. While filing his complaint on a § 1983 form and alleging violation of his Eighth Amendment rights, Plaintiff is actually challenging the state family court's child custody proceeding. *See Partridge v. State of Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003). However, federal courts do not have jurisdiction to resolve domestic relations matters. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Catz v. Chalker*, 142 F.3d 279, 290 (6th Cir. 1998); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995). "Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Tr. Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981).

In *Chevalier v. Estate of Kimberly Barnhart*, 803 F.3d 789 (6th Cir. 2015), the Sixth Circuit clarified that the domestic relations exception applies only to a "narrow range" of cases and that it "does not apply unless 'a plaintiff positively sues in federal court for divorce, alimony,

or child custody[.]'" *Id.* at 795-96 (quoting *Catz*, 142 F.3d at 292). "When analyzing the applicability of the domestic-relations exception, we must focus on the remedy that the plaintiff seeks: Does the plaintiff seek an issuance or modification or enforcement of a divorce, alimony, or child-custody decree?" *Id.* at 797.

In *Alexander v. Rosen*, 804 F.3d 1203 (6th Cir. 2015), the plaintiff claimed that a federal judge, a Michigan family court judge, and several state administrative employees conspired against him in imposing a child support award against him. The Sixth Circuit held that the domestic relations exception did not apply to the claims "because [the plaintiff] does not request that we issue a 'divorce, alimony, or child custody' decree or that we 'modify or interpret an existing' decree." *Id.* at 1205. Further, the Sixth Circuit found:

> [The plaintiff] instead requests that we apply federal law to determine whether the officials overseeing his child support case conspired against him—an inquiry that does not require us to apply Michigan child custody law, question the state's calculation of child support payments, or otherwise address the merits of the underlying dispute. We may thus resolve [the plaintiff's] claims without entangling ourselves in difficult questions of state family law, which is what the domestic relations exception was designed to prevent.

*Id.* at 1205-06 (citing *Ankenbrandt*, 504 U.S. at 703-04).

Turning to the relief sought in the instant case, Plaintiff requests "To Have Visitation Rights with my son set up & Have a Friend pick him up & Bring him to visit me . . . ." To award such injunctive relief would require this Court to apply Kentucky child custody law, question the state family court's custody determinations, and address the merits of Plaintiff's dispute with the child's mother. These considerations are what the domestic relations exception was designed to prevent. The Court therefore concludes that the domestic relations exception applies to this case, and the case must therefore be dismissed.

Moreover, it appears from the complaint and attachments that Plaintiff is seeking to challenge a decision of a state court regarding the custody of his child and/or visitation rights. Under the *Rooker-Feldman* doctrine, a federal district court may not hear an appeal of a case already litigated in state court. "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923)). Therefore, to the extent that Plaintiff is challenging the state court's decision regarding the custody of his child, the *Rooker-Feldman* doctrine bars such a claim.

## IV.

Accordingly, this action must be dismissed for lack of subject-matter jurisdiction. The Court will enter a separate Order dismissing the action.

Date: February 12, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4416.010